IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CASEY TYLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20CV166 |
| | ) | |
| PAMELA J. LOCKLEAR, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court for a recommended ruling on Defendant Pamela J. Locklear's Motion for Summary Judgment. (Docket Entry 32.) Also before the Court is Plaintiff Casey Tyler's "Motion for Recusal [and] Motion for a New Trial." (Docket Entry 41.) The matters are ripe for disposition. For the reasons that follow, the undersigned will recommend that Plaintiff's motion be denied, and that Defendant's motion be granted to the extent she be entitled to qualified immunity. The undersigned will also recommend that Plaintiff's April 18, 2017 prison disciplinary charge be removed from his prison report.

### I. BACKGROUND

Plaintiff, a *pro se* state prisoner in the custody of the North Carolina Department of Public Safety ("NCDPS"), filed this action under 28 U.S.C. § 1983 asserting a due process claim against Defendant in her individual capacity for her conduct as a disciplinary hearing officer. (*See* Complaint, Docket Entry 2.) Plaintiff alleges that on May 1, 2017, while in custody at Scotland Correctional Institution, Defendant "failed to justify omitting a prison

policy" during Plaintiff's disciplinary hearing in which he was convicted of violating a major prison rule "despite a total absence of evidence in the record to support the verdict." (*Id.* at 4-5.)[1] Plaintiff seeks monetary damages and would like the "charge wiped from [his] records." (*Id.* at 5.)

Defendant filed the pending motion for summary judgment arguing (1) that Plaintiff's § 1983 claim is precluded under the doctrine of res judicata, (2) that Defendant did not violate Plaintiff's due process rights, (3) that Plaintiff is not entitled to punitive damages, and (4) that Defendant is entitled to qualified immunity. (*See* Docket Entries 32, 33.) Plaintiff filed an opposition to said motion arguing that res judicata is not applicable here, and that Defendant acted with "evil intent" when she convicted him of the disciplinary offense. (*See* Docket Entry 35.) Plaintiff also argues that Defendant's declaration in support of her motion for summary judgment has been submitted in bad faith as Defendant has stated "the opposite of what a court has already declared." (Docket Entry 40 at 2.)

In Plaintiff's "Motion for Recusal [and] Motion for a New Trial," he seeks to have the undersigned "ke[pt] away from [Plaintiff's] litigation." (Docket Entry 41 at 3.) Plaintiff apparently seeks the undersigned's recusal from this matter based upon prior orders and a recommendation in a related proceeding. (*See id.* at 1-2.)

---

[1] Unless otherwise noted, all citations in this recommendation to documents filed with the Court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

## II. DISCUSSION

<u>Defendant's Motion for Summary Judgment</u>

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Zahodnick v. Int'l Bus. Machs. Corp.*, 135 F.3d 911, 913 (4th Cir. 1997). The party seeking summary judgment bears the initial burden of coming forward and demonstrating the absence of a genuine issue of material fact. *Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)). Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue of material fact which requires trial. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a fact finder to return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Sylvia Dev. Corp. v. Calvert Cnty., Md.*, 48 F.3d 810, 817 (4th Cir. 1995). Thus, the moving party can bear his burden either by presenting affirmative evidence or by demonstrating that the non-moving party's evidence is insufficient to establish his claim. *Celotex*, 477 U.S. at 331 (Brennan, J., dissenting).

When making the summary judgment determination, the Court must view the evidence, and all justifiable inferences from the evidence, in the light most favorable to the non-moving party. *Zahodnick*, 135 F.3d at 913; *Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 196 (4th Cir. 1997). However, the party opposing summary judgment may not rest on mere allegations or denials, and the court need not consider "unsupported assertions" or "self-

serving opinions without objective corroboration." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996); *see also Anderson*, 477 U.S. at 248-49.

In support of her motion, Defendant has filed a declaration on her own behalf, along with several exhibits related to the May 1, 2017 disciplinary hearing, and Plaintiff's habeas proceedings. (*See* Docket Entries 33-3 through 33-9.) To provide background to the disciplinary hearing, on March 24, 2017, Plaintiff alleged prison officer Cameron Gaddy touched Plaintiff in an inappropriate manner. (Declaration of Pamela J. Locklear ("Locklear Decl.") ¶ 9, Docket Entry 33-3.) An investigation was conducted and Plaintiff's claim of sexual harassment by staff was unfounded. (*Id.* ¶ 10; *see also* Incident Report, Docket Entry 33-4.)

Plaintiff was thereafter charged with an A-18 offense for knowingly making to any person a false oral or written allegation about a staff member that, if true, could expose the staff member to criminal liability. (Locklear Decl. ¶ 11.) Defendant thereafter conducted a prison disciplinary hearing for Plaintiff's A-18 charge on May 1, 2017. (*Id.* ¶ 12.) Plaintiff pled not guilty (*id.* ¶ 13), but Defendant ultimately convicted Plaintiff of the A-18 offense "based on the information obtained in the hearing, including staff reports, evidence from witnesses, and all other pertinent information." (*Id.* ¶ 16.)

On September 18, 2017, Plaintiff filed in this Court a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, challenging the disciplinary conviction from May 1, 2017. (§ 2254 Petition, Docket Entry 33-6.) The respondent in that action, the Secretary of the NCDPS, filed a motion for summary judgment, which the Court granted along with denying Plaintiff's § 2254 Petition for habeas relief. (*See* Docket Entries

4

33-7, 33-8; *see also* Case No. 1:17CV833, Docket Entry 9.) Plaintiff appealed the ruling to the Fourth Circuit Court of Appeals, and on December 17, 2019, the Fourth Circuit partially vacated the judgment as to Plaintiff's § 2254 Petition. *See Tyler v. Hooks*, 945 F.3d 159 (4th Cir. 2019).

In reaching that conclusion, the Fourth Circuit held that although "the State need[ed] only point to 'some evidence' in the record . . . that [Plaintiff] was guilty of the charged disciplinary offense," *id.* at 171, his due process rights were violated because there was "a total absence of evidence in the record . . . to support a disciplinary conviction." *Id.* at 173. Reliance on the investigation report and written statements from prison officials was not enough here because those items were, "at most, neutral assertions or conclusory statements of culpability and [were] not affirmative evidence of [Plaintiff's] guilt." *Id.* at 172. Also, as the disciplinary hearing officer, Defendant Locklear's "conclusion that 'no evidence c[ould] be found to support the inmates [*sic*] allegations,' . . . [could not] constitute 'some evidence' " because "[i]t is always the State's burden to prove guilt." *Id.* at 173. In other words, "[t]he lack of evidence to support [Plaintiff's] initial allegation d[id] not mean by default that he affirmatively committed an A-18 offense." *Id.*

As a result, Plaintiff's disciplinary conviction amounted to a due process violation. *Id.* The Fourth Circuit thus vacated in part this Court's ruling in the § 2254 action and held that Plaintiff was "entitled to habeas relief restoring his forfeited good-time credits." *Id.* In obedience to the mandate of the Fourth Circuit, this Court entered an Order and an Amended Judgment consistent with such findings which ordered the Secretary of the NCDPS to restore Plaintiff's forfeited good-time credits. (Case No. 1:17CV833, Docket Entries 25, 26.)

In the instant matter, Defendant first argues that Plaintiff's § 1983 claim is precluded under the doctrine of res judicata. (*See* Docket Entry 33 at 5-6.) Under the doctrine of res judicata, or claim preclusion, generally, "a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication." *In re Varat Enters., Inc.*, 81 F.3d 1310, 1314-15 (4th Cir. 1996).[2] "By precluding parties in a subsequent proceeding from raising claims that were or could have been raised in a prior proceeding, res judicata . . . encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004) (internal brackets, quotations and citation omitted). Claim preclusion provides that if the later litigation arises from the same cause of action as the first, then the judgment in the prior action bars litigation "not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented." *In re Varat Enters.*, 81 F.3d at 1315 (citation omitted). The three elements required for res judicata to apply, therefore, are "(1) a judgment on the merits in a prior suit resolving (2) claims by the same parties or their privies, and (3) a subsequent suit on the same cause of action." *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1473 (4th Cir. 1996).

Here, there can be no dispute that the crux of both Plaintiff's § 2254 Petition, of which there is a final judgment, and the instant § 1983 claim, arise from the same transaction. That

---

[2] Because Plaintiff's § 1983 claim and his § 2254 action "are federal-question cases, the preclusive effect of the earlier judgment will be determined by the federal common law as opposed to the law of the state in which this court sits." *Chandler v. Forsyth Tech. Cmty. Coll.*, 294 F. Supp. 3d 445, 451 (M.D.N.C.) (citing *Taylor v. Sturgell*, 553 U.S. 880, 890 & n.4 (2008)), *aff'd*, 739 F. App'x 203 (4th Cir. 2018).

is, a due process challenge to the disciplinary conviction of the A-18 offense on May 1, 2017.[3] *See Ohio Valley Env't Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) ("As long as the second suit 'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment,' the first suit will have preclusive effect.") (citation omitted). Thus, the first and third elements are not at issue.

However, the condition that the lawsuits involve "the same parties or their privies" has not been satisfied. Defendant's brief on this point in its entirety states, "[a]lthough Defendant is not specifically named in Plaintiff's [§ 2254] Petition for Habeas Corpus, Plaintiff refers to 'DHO,' or Disciplinary Hearing Officer. Defendant was the only DHO that conducted the hearing for Plaintiff's A-18 charge on May 1, 2017. Defendant is also named in the [Fourth Circuit opinion]." (Docket Entry 33 at 6 (citation omitted).)

Defendant's argument here requires the Court to consider whether she is considered a party in privity for purposes of res judicata. "The concept of privity requires an alignment of interests and not an exact identity of parties, and thus the privity inquiry centers on the closeness of the relationship in question." *Ultra-Mek, Inc. v. United Furniture Indus., Inc.*, No. 1:18CV281, 2021 WL 1195977, at *4 (M.D.N.C. Mar. 30, 2021) (unpublished) (internal quotations and citation omitted). Thus, "[t]o be in privity with a party to a former litigation, the non-party must be so identified in interest with a party to former litigation that he

---

[3] Plaintiff's response brief appears to point out that the focus now is solely on Defendant's lack of justification in omitting paperwork during the disciplinary proceeding. (*See* Docket Entry 35 at 1.) However, Plaintiff raised this point in his § 2254 Petition. (*See* Case No. 1:17CV833, Docket Entry 2 at 5 ("DHO explained neither . . . nor why requested policy omitted from hearing.")). The undersigned also addressed it in the recommendation in that matter. (*See* Case No. 1:17CV833, Docket Entry 9 at 8-9 ("Petitioner also faults the DHO for not reviewing the PREA policy . . . or explaining why it was excluded from the hearing . . . ."). In any event, this still relates to the circumstances surrounding the disciplinary conviction of the A-18 offense on May 1, 2017.

7

represents precisely the same legal right in respect to the subject matter involved." *Martin v. Am. Bancorporation Ret. Plan*, 407 F.3d 643, 651 (4th Cir. 2005) (internal quotations and citation omitted). Here, even assuming *arguendo* that Defendant is in privity with the Secretary of the NCDPS, "a government official in h[er] official capacity is not in privity with h[er]self in h[er] individual capacity for purposes of res judicata." *Andrews v. Daw*, 201 F.3d 521, 526 (4th Cir. 2000). As *Andrews* explains, "[a] party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity." *Id.* at 525 (quoting Restatement (Second) of Judgments § 36(2) (1982)). Therefore, the instant § 1983 claim seeking damages against Defendant solely in her individual capacity would not be precluded by the final judgment rendered in Plaintiff's former § 2254 action. *See Redden v. Sandy*, No. 1:18CV187, 2020 WL 3121195, at *18 (N.D.W. Va. Feb. 5, 2020) (unpublished) ("To the extent that the claims in [the prior action] were official capacity claims against a state official or claims against a state agency . . . plaintiff's individual capacity claims against [certain] defendants are not barred."), *report and recommendation adopted*, No. 1:18CV187, 2020 WL 1330352 (N.D.W. Va. Mar. 23, 2020) (unpublished); *Willner v. Budig*, 848 F.2d 1032, 1034 n.2 (10th Cir. 1988) ("Government employees in their *individual* capacities are not in privity with their government employer.") (emphasis in original). Defendant's argument on this issue should thus be denied.

Defendant next argues that summary judgment should be granted because Plaintiff has failed to show that Defendant violated Plaintiff's due process rights. (*See* Docket Entry 33 at 6-7.) Defendant relies upon the Supreme Court's decision in *Superintendent, Massachusetts*

8

*Correctional Institution v. Hill*, that there must be "some evidence" in the record to support Defendant's findings made during Plaintiff's disciplinary hearing. 472 U.S. 445, 457 (1985). Defendant contends that "[t]here is a substantial amount of evidence supporting Plaintiff's conviction, and as such his due process claim necessarily fails." (Docket Entry 33 at 7.) As previously stated however, the Fourth Circuit has already rejected this argument when addressing Plaintiff's § 2254 action. To reiterate, it held that "this is the very rare case where federal habeas relief will be available due to a total absence of evidence in the record, even under the 'some evidence' standard, to support a disciplinary conviction. As a result, [Plaintiff's] disciplinary conviction *amounted to a violation of his due process rights*[.]" *Tyler*, 945 F.3d at 173 (emphasis added). As Defendant simply rehashes an argument already addressed and rejected by the Fourth Circuit, this is not proper grounds for summary judgment.

Defendant next asserts that she is entitled to qualified immunity "in her individual capacity from liability for Plaintiff's claims against her for monetary damages as Defendant, individually, did not violate any of Plaintiff's clearly established statutory or constitutional rights." (Docket Entry 33 at 7-8.) Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 306 (4th Cir. 2006) ("Qualified immunity shields government officials performing discretionary functions from personal-capacity liability for civil damages under § 1983[.]"). Thus, the traditional two-step qualified immunity inquiry requires a court to determine: "(1) whether the official violated a

9

constitutional right; and if so, (2) whether the right was 'clearly established' at the time of its violation." *Rock for Life-UMBC v. Hrabowski*, 411 F. App'x 541, 547 (4th Cir. 2010) (citation omitted).

Here, despite Defendant's violation of Plaintiff's due process rights, *see Tyler*, 945 F.3d at 173, she should nevertheless be entitled to qualified immunity. "An official sued under § 1983 is entitled to qualified immunity unless it is shown that the official violated a statutory or constitutional right that was 'clearly established' at the time of the challenged conduct." *Plumhoff v. Rickard*, 572 U.S. 765, 766-67 (2014) (citation omitted). "An officer cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any reasonable official in [his] shoes would have understood that he was violating it, meaning that existing precedent . . . placed the statutory or constitutional question beyond debate." *City & Cnty. of San Francisco, Calif. v. Sheehan*, 575 U.S. 600, 611 (2015) (internal quotation marks and citations omitted) (alterations in original). Thus, "[t]his exacting standard gives government officials breathing room to make reasonable but mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Id.* (internal quotation marks, alteration, and citation omitted).

Here, "[t]he core constitutional principle at issue is the right to substantive due process in a prison disciplinary hearing." *Locke v. Solomon*, No. 3:17-CV-00337-FDW, 2018 WL 5636164, at *7 (W.D.N.C. Oct. 31, 2018) (unpublished). Thus, "[t]he 'contours' of that right, as they pertain to . . . the identification of what qualifies as some . . . evidence in prison disciplinary proceedings . . . must have been delineated with sufficient clarity 'that a reasonable official would understand that what he is doing violates that right.' " *Id.* (citing *Sira v. Morton*,
10

380 F.3d 57, 81 (2d Cir. 2004)). At the time of Plaintiff's disciplinary hearing, this circuit recognized that a prison disciplinary conviction must be based upon "some evidence." *See Baker v. Lyles*, 904 F.2d 925, 932 (4th Cir. 1990). However, "[n]either the Fourth Circuit nor the Supreme Court has clearly defined standards for determining what constitutes 'some evidence' in the context of prison disciplinary hearings." *Locke*, 2018 WL 5636164, at *7 (footnote omitted). Therefore, it was not objectively unreasonable for Defendant to think that the evidence—prison officials' statements and the investigation report—used to support her disciplinary decision was sufficient to satisfy the due process requirements for the charged offense against Plaintiff. Indeed, "we consider whether a right is clearly established in light of the specific context of the case, not as a broad general proposition." *Adams v. Ferguson*, 884 F.3d 219, 227 (4th Cir. 2018) (internal quotations and citation omitted). Defendant should therefore be entitled to qualified immunity on this claim.[4] *See Locke*, 2018 WL 5636164, at *7 ("In short, it was not objectively unreasonable for [the disciplinary hearing officer] to think the evidence against Plaintiff was sufficient to satisfy due process."); *Luna v. Pico*, 356 F.3d 481, 491 (2d Cir. 2004) ("Taking these factors together, we hold that a reasonable hearing

---

[4] While qualified immunity applies to Plaintiff's claims against Defendant in her individual capacity for monetary damages, Plaintiff also seeks to have the disciplinary charged removed from his records. (*See* Compl. at 5.) In the § 2254 action, the Secretary of the NCDPS noted compliance with the Court's Order "to restore to [Plaintiff] his forfeited 20-days of sentence reduction credits, resulting from his [May 1, 2017] prison disciplinary conviction for the A-18 offense." (Case No. 1:17CV833, Docket Entry 27 at 1.) However, in the instant § 1983 action, Defendant's brief states, "[d]uring his incarceration, which began in 2009, Plaintiff has been found *guilty* of 42 infractions, ranging from threatening to harm staff and assaulting staff with a weapon." (Docket Entry 33 at 2 (emphasis added).) In support of that statement, Defendant attached a copy of Plaintiff's public record of prison infractions, which still lists the April 18, 2017 infraction for "false allegations on staff." (*See* Docket Entry 33-2 at 1.) To the extent that this infraction relates to the underlying disciplinary conviction which the Fourth Circuit has held amounted to a violation of Plaintiff's due process rights and entitled him to restoration of good-time credits, the undersigned recommends that the April 18, 2017, infraction be removed from Plaintiff's prison record in the interest of justice.

11

Case 1:20-cv-00166-WO-JLW   Document 42   Filed 09/01/22   Page 11 of 14

officer in defendants' position would not have clearly understood from the existing law that he was acting unlawfully.").

Defendant lastly asserts that Plaintiff should not be entitled to punitive damages in this action. (*See* Docket Entry 33 at 8.) To the extent such damages may be available in § 1983 actions, the conduct must be such that it "involves 'reckless or callous indifference to the federally protected rights of others,' as well as for conduct motivated by evil intent." *Cooper v. Dyke*, 814 F.2d 941, 948 (4th Cir. 1987) (citing *Smith v. Wade*, 461 U.S. 30, 56 (1983)). The award of punitive damages "is an extraordinary remedy and is designed to punish and deter particularly egregious conduct." *Stephens v. South Atlantic Canners, Inc.*, 848 F.2d 484, 489 (4th Cir.1988) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 268 (1981)). Viewed in the light most favorable to Plaintiff, however, there is nothing here to suggest that Defendant acted with evil intent or callous indifference to Plaintiff's federally protected rights. Therefore, punitive damages are not warranted.

<u>Plaintiff's Motion for Recusal and a New Trial[5]</u>

Plaintiff has filed a motion seeking recusal of the undersigned from this action, along with United States District Judge William L. Osteen, Jr. (Docket Entry 41.)[6] Recusal is required only where "another with knowledge of all of the circumstances might reasonably question the judge's impartiality." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003)

---

[5] While Plaintiff's motion references a "new trial," there has been no trial in this matter and no trial has yet been set.

[6] While "[a] motion to recuse is a nondispositive matter," *Cleveland v. South Carolina*, No. 8:17CV2922, 2017 WL 6498164, at *1 (D.S.C. Dec. 19, 2017) (unpublished), the undersigned will issue a recommendation on this motion in light of its reference to Judge Osteen.

12

(internal quotation marks omitted) (quoting *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987)). An unfavorable ruling against a party generally does not show impartiality or bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Here, contrary to Plaintiff's assertions, there is nothing in the record that raises the appearance of impartiality or demonstrates that the undersigned or Judge Osteen acted with bias or with prejudice towards Plaintiff at any point in this matter. For example, Plaintiff points to the undersigned's recommended ruling in his § 2254 action, stating that "Webby knew it was unjust when he signed it." (Docket Entry 41 at 1.) While "[d]issatisfaction with a judge's views on the merits of a case may present ample grounds for appeal [which Plaintiff here sought successfully], . . . it rarely—if ever—presents a basis for recusal." *Belue v. Leventhal*, 640 F.3d 567, 575 (4th Cir. 2011). Plaintiff further takes issues with the undersigned's rulings on discovery matters and Plaintiff's requests for appointment of counsel. (*See* Docket Entry 41 at 1-3.) However, this is merely a disagreement that does not warrant recusal. *Liteky*, 510 U.S. at 555; *see also McSwain v. Laurene Powell Jobs*, No. 1:13-CV-890, 2014 WL 12495108, at *1 (M.D.N.C. Apr. 2, 2014) (unpublished) ("The Court assumes that [the plaintiff] seeks recusal because he is unhappy with the Court's adverse rulings. Yet it is well-established that mere disagreement on legal questions does not require a judge to recuse."). Ultimately, Plaintiff's grounds for recusal are unsupported and his motion should thus be denied.

## III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's "Motion for Recusal [and] Motion for a New Trial" (Docket Entry 41) be **DENIED**,

Defendant's Motion for Summary Judgment (Docket Entry 32) be **GRANTED** to the extent she be entitled to qualified immunity.

**IT IS FURTHER RECOMMENDED** that Plaintiff's April 18, 2017, prison disciplinary charge be removed from his prison report, and this action be dismissed.

_____
Joe L. Webster
United States Magistrate Judge

September 1, 2022
Durham, North Carolina